Filed 7/19/21  In re A.P. CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re A. P., a Person Coming Under the Juvenile Court Law. | C092356 |
| SAN JOAQUIN COUNTY HUMAN SERVICES AGENCY,<br><br>   Plaintiff and Respondent,<br><br>  v.<br><br>D. P. et al.,<br><br>   Defendants and Appellants. | (Super. Ct. No. STKJVDP20190000179 ) |

   Appellant D. P. (father) and appellant T. S. (mother) (collectively, appellants), appeal from the juvenile court's orders terminating parental rights and freeing the minor for adoption.  (Welf. & Inst. Code,[1] §§ 366.26, 395.)  Appellants' sole contention on

---

[1]  Undesignated statutory references are to the Welfare and Institutions Code.

1

appeal is that the San Joaquin County Human Services Agency (Agency) and the juvenile court failed to comply with the inquiry and notice requirements of the Indian Child Welfare Act (ICWA) because the Agency did not adequately inquire into information that the minor may have Native American heritage.  (25 U.S.C. § 1901 et seq.; § 224.2.)  We conditionally reverse and remand the matter for limited proceedings to ensure ICWA compliance.

BACKGROUND

The underlying facts of the dependency are not at issue and we do not recite them. We limit our recitation of the background to those facts relevant to the ICWA inquiry and noticing requirements.

On May 1, 2019, the Agency filed a petition pursuant to section 300, subdivisions (b)(1) and (j) in regard to the minor, A. P.  Mother denied having any Indian heritage. Father stated that his paternal grandfather (the minor's paternal great-grandfather) was a tribal member in Oklahoma, but he did not know which tribe or provide any additional information.  Father filed a parental notification of Indian status form (Judicial Council forms, form ICWA-020 (Jan. 1, 2008); hereafter ICWA-020 form) wherein he claimed he may be a member of, or eligible for membership in a federally recognized Indian tribe but he did not specify the tribe.

On June 20, 2019, the Agency filed notice under the ICWA, which included information regarding mother, father, the minor's maternal and paternal grandparents, maternal and paternal great-grandparents, and a maternal uncle.  The notice identified only mother as having Cherokee ancestry but did not include father's possible Native American ancestry.[2]  The ICWA-030 notice was sent to the Cherokee Nation, United

---

[2]    In its appellate brief, the Agency explains this discrepancy by asserting it "learned that Mother claimed possible Cherokee ancestry in a previous dependency proceeding." However, this is not documented in the record.

2

Keetoowah Band of Cherokee Indians, Eastern Band of Cherokee Indians, and the Bureau of Indian Affairs (BIA). On August 21, 2019, the Agency filed a declaration of efforts to identify tribal affiliation, which included the signed certified mail receipts and a response from the Eastern Band of Cherokee Indians that stated the minor was not registered or eligible to register for membership. The Agency did not file any declaration or account of whether it made efforts to contact the paternal great-grandfather or any other family members for further information. However, the notice did list the paternal great-grandfather's name and address in Oklahoma.

On September 11, 2019, the juvenile court found that ICWA did not apply. On September 17, 2019, the Agency filed responses from the Cherokee Nation and the United Keetoowah Band of Indians, which stated that the minor was not registered or eligible to be a member. The Agency's January 14, 2020 and January 31, 2020 reports, pursuant to section 366.26, noted the juvenile court's ICWA findings made on September 11, 2019, and that the Agency was awaiting the finding after hearing.

At the July 14, 2020, contested section 366.26 hearing, the juvenile court terminated appellants' parental rights. On September 9, 2020, the Agency filed an amended ICWA notice, which contained identifying information for both appellants, a detailed list of potential tribal ancestry for both mother and father, the minor's maternal and paternal grandparents, maternal and paternal great-grandparents and a maternal uncle. The notice reflected father's claim of Native American ancestry and was sent to approximately 39 Native American tribes from the Oklahoma region, including the previously noticed Cherokee tribes and the BIA. The Agency's July 27, 2020, status review report showed that the Agency was awaiting ICWA findings prior to proceeding with the adoption process. In November 2020, January 2021, and February 2021, the Agency filed tribal responses with the juvenile court, all of which showed that the minor was not a member or eligible for membership.

On February 1, 2021, the juvenile court issued new findings and orders showing that the ICWA did not apply to the minor. The court noted that all but 12 tribes responded that the minor was not a member and was not eligible for tribal membership and the remaining 12 tribes had failed to respond to the amended notice. The court also noted that one of the tribes that had failed to respond, the Cherokee Nation, had previously responded to the first notice that the minor was not a member of the tribe and was not eligible for tribal membership. Accordingly, the court concluded that notice had been given as required by the ICWA and the minor was not an Indian child within the definition of the ICWA.

Appellants timely appealed.

DISCUSSION

On appeal, appellants contend that the termination of their parental rights should be conditionally reversed and the matter remanded with directions to comply with the ICWA. Specifically, appellants contend that the Agency failed to fulfill its "further inquiry" duty because it did not contact the minor's paternal and maternal relatives and mailed inaccurate and incomplete ICWA-030 notices to the Cherokee Tribes. The Agency responds that the record shows that proper ICWA notice was provided to the Native American tribes in the Oklahoma region via the amended notice but does not address the Agency's failure to contact living relatives about potential Native American heritage. We conclude that we must conditionally reverse and remand the matter for limited proceedings for further inquiry in compliance with the ICWA.

"The ICWA protects the interests of Indian children and promotes the stability and security of Indian tribes by establishing minimum standards for removal of Indian children from their families, and by permitting tribal participation in dependency proceedings. (See 25 U.S.C. § 1902; *In re Levi U.* (2000) 78 Cal.App.4th 191, 195-196.) A major purpose of the ICWA is to protect 'Indian children who are members of or are eligible for membership in an Indian tribe.' (25 U.S.C. § 1901(3).)" (*In re A.W.* (2019)

4

38 Cal.App.5th 655, 662.) The ICWA defines an " 'Indian child' " as a child who "is either (a) a member of an Indian tribe or (b) is eligible for membership in an Indian tribe and is the biological child of a member of an Indian tribe." (25 U.S.C. § 1903(4).) The juvenile court and the Agency have an affirmative and continuing duty, beginning at initial contact, to inquire whether a child who is subject to the proceedings is, or may be, an Indian child. (Cal. Rules of Court, rule 5.481(a); § 224.2, subd. (a).)

Section 224.2, subdivision (e) provides that if the court or social worker has *reason to believe* that an Indian child is involved in a proceeding, the court or social worker shall, as soon as practicable, make further inquiry regarding the possible Indian status of the child. Further inquiry includes, but is not limited to: (1) interviewing the parents, Indian custodian, and extended family members to gather the information required in paragraph (5) of subdivision (a) of section 224.3;[3] (2) contacting the BIA and the State Department of Social Services for assistance in identifying the names and contact information of the tribes in which the child may be a member, or eligible for membership in; and (3) contacting the tribe or tribes and any other person who may reasonably be expected to have information regarding the child's membership, citizenship status, or eligibility. Contact with a tribe must, at a minimum, include telephone, facsimile, or electronic mail contact to each tribe's designated agent for receipt of notices under the ICWA, and sharing information identified by the tribe as necessary for the tribe to make a membership or eligibility determination, as well as information on the current status of the child and the case. (§ 224.2, subd. (e).)

"[S]ection 224.2 creates three distinct duties regarding ICWA in dependency proceedings. First, from the Agency's initial contact with a minor and his [or her] family,

---

[3] Section 224.3, subdivision (a)(5) includes the name, birth date and birthplace of the Indian child, if known; the name of the Indian tribe; and the names and other identifying information of the Indian child's biological parents, grandparents, and great-grandparents, if known.

the statute imposes a duty of inquiry to ask all involved persons whether the child may be an Indian child.  (§ 224.2, subds. (a), (b).)  Second, if that initial inquiry creates a 'reason to *believe*' the child is an Indian child, then the Agency 'shall make *further inquiry* regarding the possible Indian status of the child, and shall make that inquiry as soon as practicable.'  (*Id.* subd. (e), italics added.)  Third, if that further inquiry results in a reason to *know* the child is an Indian child, then the formal notice requirements of section 224.3 apply.  (See § 224.2, subd. (c) [court is obligated to inquire at the first appearance whether anyone 'knows or has reason to know that the child is an Indian child']; *id.* at subd. (d) [defining circumstances that establish a 'reason to know' a child is an Indian child]; § 224.3 [ICWA notice is required if there is a 'reason to know' a child is an Indian child as defined under § 224.2, subd. (d)].)"  (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052.)

Here, appellants contend the Agency failed to seek additional ancestor identifying and tribal affiliation information from relatives.  The record supports this contention.  Although the Agency compiled a substantial amount of information for the ICWA forms, a considerable amount of information was missing, even about living relatives, and the Agency's supporting declarations and reports do not indicate whether the Agency contacted any of mother's and father's living relatives.  The notice sent to the tribes shows the Agency possessed contact information for the minor's paternal great-grandfather, paternal grandmother, and maternal uncle.  But there is nothing in the record indicating whether the Agency made any effort to contact any of these relatives or glean information about other living relatives with possible information about the minor's heritage.  No declarations or information was provided to the court describing who, if anyone, was interviewed in an attempt to obtain such information.  In particular, there is no indication whether the Agency contacted the paternal great-grandfather who father purports to have Native American heritage.  If a proper inquiry was made, the Agency should have reported those facts to the court as part of its request to find that the ICWA

6

did not apply. Section 224.2 does not identify a particular manner by which the Agency must inform the juvenile court of its inquiry efforts when there is only "reason to believe" a child may be an Indian child. (*In re M.W.* (2020) 49 Cal.App.5th 1034, 1046.) The Agency may demonstrate its efforts or due diligence via reports, declaration, or testimony. (*Ibid.*) But here, we have no indication of whether *any* efforts were made to contact the minor's family members.

A reasonable construction of the record suggests that the Agency failed to perform further inquiry required by section 224.2, subdivision (e), and therefore, the information provided to the tribes may have been incomplete or inaccurate. In the absence of any information regarding tribal affiliation for father, the Agency sent the amended ICWA notice to the BIA and approximately 39 Native American tribes from the Oklahoma region, including the previously noticed Cherokee tribes. The tribes that responded stated they were unable to determine tribal affiliation based on the limited information provided. Mother's and father's living relatives may have some information about tribal affiliation, pertinent birthdates of relatives with potential Native American ancestry, current contact information for additional relatives, or other ancestry information that would have assisted the tribes and the BIA. Thus, the error was not harmless because it overlooked what are potentially the best sources of information regarding the claim of Native American heritage. A failure to conduct a proper ICWA inquiry requires a limited reversal of the orders terminating parental rights and a remand for proper inquiry and any required notice. (*In re A.B.* (2008) 164 Cal.App.4th 832, 839.) The Agency is obligated to make an effort to obtain identifying ancestry information from both mother's and father's relatives or document its attempts for the court to consider in making its ICWA findings. If additional relevant information is obtainable through these relatives, that information must be provided to the BIA and any identified tribes. Accordingly, we must conditionally reverse and remand the matter for limited proceedings to ensure ICWA compliance.

## DISPOSITION

The orders terminating parental rights are reversed conditionally, and the matter is remanded to the juvenile court with directions to order the Agency to make further inquiry in compliance with the provisions of the ICWA. If, after proper and complete inquiry, the minor is found not to be an Indian child, the orders terminating parental rights shall be reinstated. If, however, the minor is found to be an Indian child as defined by the ICWA and the court determines the ICWA applies to this case, the juvenile court is ordered to conduct a new section 366.26 hearing and proceed in accordance with the ICWA, including considering any petition filed to invalidate prior orders. (25 U.S.C. § 1914; § 224, subd. (e).)

/s/
Robie, Acting P. J.

We concur:

/s/
Mauro, J.

/s/
Duarte, J.

8